UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DAVID SMITH and
MANDY SMITH, his wife,

Plaintiffs,

v. Civil Action No. 2:10-1351

KWV OPERATIONS, LLC,
a Maryland limited liability
corporation,

Defendant.

MEMORANDUM OPINION AND ORDER

Pending is plaintiffs' motion to remand, filed January 5, 2011.

I. Background

Plaintiff David Smith ("Smith") was formerly employed by defendant KWV Operations, LLC ("KWV") as a laborer at KWV's Alma No. 2 underground coal mine in Mingo County, West Virginia. (Compl. ¶ 3). After incurring injuries on the job, Smith instituted this action in the Circuit Court of Mingo County on July 23, 2010. His complaint asserts two counts against KWV: Count I – Deliberate Intent, and Count II – Loss of Consortium. (See generally id.).

KWV removed on December 6, 2010, invoking the court's

diversity jurisdiction. On January 5, 2011, Smith moved to remand. Smith contends that "this civil action should be remanded to the Circuit Court of Mingo County, West Virginia on the basis that [a] federal statute prohibits removal to federal court of any civil action in state court arising under workers compensation laws." (Mem. Supp. Mot. Remand 1 (citing 28 U.S.C. § 1445(c)).

## II. Motion to Remand

### A. Governing Standard

"A defendant may remove any action from a state court to a federal court if the case could have originally been brought in federal court." Yarnevic v. Brink's, Inc., 102 F.3d 753, 754 (4th Cir. 1996) (citing 28 U.S.C. § 1441). Federal district courts have original jurisdiction over actions between citizens of different states in which the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

"The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction raises significant federalism concerns, a district court must strictly construe removal

jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). If federal jurisdiction is doubtful, remand is necessary. Mulcahey, 29 F.3d at 151 (citations omitted). The defendant bears the burden of demonstrating federal jurisdiction under the preponderance of evidence standard. Landmark Corp. v. Apogee Coal Co., 945 F. Supp. 932, 935 n. 2 (S.D. W. Va. 1996).

B. Removal of Deliberate Intention Claim

Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." The only issue raised by the motion to remand is whether plaintiffs' claim against KWV arises under the workmen's compensation laws of West Virginia and is therefore nonremovable under § 1445(c).

Plaintiffs assert a deliberate intention claim against KWV pursuant to West Virginia Code § 23-4-2(d)(2). Generally speaking, the West Virginia Workers' Compensation Act immunizes covered employers from employee suits for "damages at common law or by statute" resulting from work-related injuries. W. Va. Code § 23-2-6. This immunity is lost, however, if an employer acts with "deliberate intention." Id. § 23-4-2(d)(2). If the

deliberate intent exception applies, the employee may file an action for damages in excess of workers' compensation benefits. Id. § 23-4-2(c).

As the parties acknowledge, our court of appeals squarely addressed the question of whether § 1445(c) bars removal of deliberate intention claims in Arthur v. E.I. DuPont de Nemours & Co., 58 F.3d 121 (4th Cir. 1995). In resolving this issue, the court started with the premise that "federal law determines whether section 1445(c) bars removal" of the plaintiff's deliberate intention claim because "the removal statutes [] are intended to have uniform nationwide application." Id. at 125 (quoting Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 705 (1972)) (internal quotation marks omitted). As the court explained, "section 1445(c) must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits may not be removed. States cannot by definition or characterization enlarge or narrow the categories of cases subject to removal." Id. (internal citations and quotations omitted).

After clarifying that federal law governed its interpretation of § 1445(c), the Arthur court proceeded to determine "what Congress meant by the term 'workmen's compensation laws.'" Id. It found that "the ordinary

(shorthand) meaning of 'workmen's compensation laws' . . . was this: a statutorily created insurance system that allows employees to receive fixed benefits, without regard to fault, for work-related injuries." Id. The court then engaged in an historical examination of the deliberate intention claim in West Virginia to determine "whether the claim arises under workers' compensation law" within the meaning of § 1445(c). Id.

Deliberate intention claims, the court observed, have their origin in the West Virginia Supreme Court's decision in Mandolidis v. Elkins Industries, Inc., 246 S.E.2d 907 (W. Va. 1978). The West Virginia legislature then amended the Workers' Compensation Act in 1983 to provide a statutory definition of "deliberate intention." Arthur, 58 F.3d at 126. According to Arthur, the legislature made clear "that it was not removing Mandolidis suits from the 'common law tort system.'" Id. (quoting W. Va. Code § 23-4-2(d)(1)). Rather, it "intended to create a legislative standard for loss of [employer] immunity of more narrow application and containing more specific mandatory elements than the common law tort system concept and standard of willful, wanton and reckless misconduct." Id.

Based on this statutory analysis, the Fourth Circuit concluded that deliberate intention claims do not arise under West Virginia's "workmen's compensation laws" within the meaning

of § 1445(c). It initially noted that the placement of the deliberate intention exception in § 23-4-2 of the Workers' Compensation Act did not "end our inquiry because we are not bound by where the section appears in the West Virginia Code." Id. at 127. The court then reasoned as follows:

> To begin with, section 23-4-2(c)(2)[1] does not prescribe any part of a workers' compensation claim as such claims were understood in 1958. Section 23-4-2(c)(2) simply serves to circumscribe the common law Mandolidis claim. It does not change the fundamental character of the claim, which is still preserved within West Virginia's common law tort system. The Mandolidis claim is filed in the courts, issues of fault are litigated, and there are no statutory limits on the type or amount of compensatory damages. It has none of the administrative, no-fault characteristics associated with a workers' compensation claim.
>
> Furthermore, . . . section 23-4-2(c)(2) is not integrally related to the operation of West Virginia's workers' compensation system. It does not protect or enhance the ability of workers to obtain compensation benefits, i.e., fixed benefits without regard to fault for workplace injuries.

Id.

Plaintiffs attempt to bypass Arthur in a number of ways. They first cite a series of West Virginia Supreme Court decisions in support of the proposition urged by plaintiffs that "a deliberate intent claim is not a common law claim, it arises from a statutory workers' compensation law and should not be

---

[1] When Arthur was decided, the deliberate intention exception was located at § 23-4-2(c)(2). In 2003, the statute was amended and that exception is now under subsection (d)(2).

removable under 28 U.S.C. § 1445(c)." (Mem. Supp. Mot. to Remand 7, 4) (citing Bell v. Vecellio & Grogan, Inc., 475 S.E.2d 138 (W. Va. 1996); Roberts v. Consolidation Coal Co., 539 S.E.2d 478 (W. Va. 2000)). But plaintiffs disregard the Arthur court's admonition that federal law determines whether section 1445(c) bars removal and, as earlier noted, that "section 1445(c) must be construed as setting up its own criteria, irrespective of local law, for determining in what instances suits may not be removed. States cannot by definition or characterization enlarge or narrow the categories of cases subject to removal." Arthur, 58 F.3d at 125 (internal citations and quotations omitted). Indeed, the very West Virginia decision cited by plaintiffs emphasizes this point. See Bell, 475 S.E.2d at 144 (holding that deliberate intent claims are statutory rather than common law based, but noting contrary result in Arthur and recognizing "that the analysis of the West Virginia deliberate intention statute under 28 U.S.C. § 1445(c) is governed by federal law, irrespective of local law, in construing the removal statute.") (citation omitted). The West Virginia court's interpretation of § 23-4-2(d)(2) is therefore not determinative of whether a deliberate intention claim arises under workmen's compensation laws for § 1445(c) purposes.

Plaintiffs also point out that in Knox v. Laclede Steel

Co., 861 F. Supp. 519 (N.D. W. Va. 1994), it was held, prior to the decision in Arthur, that deliberate intention claims do arise under West Virginia's workmen's compensation laws and are thus nonremovable under § 1445(c). Plaintiffs characterize the tension between Arthur and Knox as a "split of authority," noting that Arthur did not specifically mention or overrule Knox. (Pl.'s Reply 4). However, to the extent that the district court in Knox reached a conclusion contrary to that of Arthur on the same question of law, the court of appeals' decision in Arthur plainly controls.[2]

## III. Conclusion

Based upon the foregoing, the court concludes that 28 U.S.C. § 1445(c) does not bar removal of this action. It is accordingly ORDERED that plaintiffs' motion to remand be, and it hereby is, denied.

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and any unrepresented parties.

DATED: February 24, 2011

John T. Copenhaver, Jr.
United States District Judge

---

[2] Plaintiffs also cite decisions from district courts in other states interpreting similar workers' compensation laws to show that a West Virginia deliberate intention claim is nonremovable under § 1445(c). In view of Arthur, the court sees no reason to look to outside jurisdictions in rendering a decision on plaintiffs' motion to remand.